IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DM TRANS, LLC *d/b/a* ARRIVE LOGISTICS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:121-CV-505-RP |
| | § | |
| LINDSEY B. SCOTT, MATTHEW J. DUFFY, | § | |
| SCOTT C. MAYER, FRANK J. HERNANDEZ, | § | |
| and BRYAN C. KLEPPERICH, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Defendants Lindsey B. Scott, Matthew J. Duffy, Scott C. Mayer, Frank J. Hernandez, and Bryan C. Klepperich's ("Defendants") Motion to Dismiss, or, in the alternative, to Transfer. (Dkt. 19). Plaintiff DM Trans, LLC d/b/a Arrive Logistics, ("Arrive"), filed a response, (Dkt. 23), and Defendants filed a reply, (Dkt. 24). Having considered the parties' briefs, the record, and the relevant law, the Court will grant the motion in part and transfer this case to the United States District Court for the Northern District of Illinois.

## I. BACKGROUND

Arrive provides transportation logistics services in the "Freight Brokerage Business" throughout the United States. (Compl., Dkt. 1, at 5). Defendants previously worked for Arrive, before each leaving to work for one of Arrive's competitors in April and May 2021. (*See, e.g.*, *id.* at 34–35). Arrive seeks to enforce restrictive covenants in Defendants' employment agreements with Arrive and brings claims based on the misappropriation of trade secrets. (*Id.* at 1).

Although Arrive is headquartered in Texas, Defendants each live in Illinois and worked for Arrive almost exclusively in its Illinois office. (Mot. Dismiss, Dkt. 19, at 1–2, 11; Compl., Dkt. 1, at 3–4). Defendants now ask the Court to dismiss the claims against them for lack of personal

1

jurisdiction under Federal Rule of Civil Procedure 12(b)(2), or alternatively to transfer this case to the Northern District of Illinois. (Mot. Dismiss, Dkt. 19).

## II. LEGAL STANDARDS

### A. Personal Jurisdiction

The Federal Rules of Civil Procedure allow a defendant to assert lack of personal jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(2). On such a motion, "the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). The court may determine the jurisdictional issue "by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Id.*

But when, as here, the Court rules on the motion without an evidentiary hearing, the plaintiff need only present a *prima facie* case that personal jurisdiction is proper; proof by a preponderance of the evidence is not required. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008). Uncontroverted allegations in a plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor. *Id.* Nevertheless, a court need not credit conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (per curiam).

### B. Transfer

Section 1404 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). As such, "[t]he threshold question in applying the provisions of § 1404(a) is whether the suit could have been brought in the proposed transferee district." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). If so, the Court turns to consideration of "all relevant factors to determine whether or not on balance the litigation would

more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (quoting 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3847, at 370 (1986)).

The relevant factors include matters of both private and public interest. *Volkswagen AG*, 371 F.3d at 203; *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private-interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure witnesses' attendance; (3) the willing witnesses' cost of attendance; and (4) all other practical problems that make the case's trial easy, expeditious, and inexpensive. *Volkswagen AG*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public-interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity with the governing law; and (4) the avoidance of unnecessary conflict-of-law problems involving the application of foreign law. *Id.* No single factor is dispositive. *Id.*

The Court must also "give some weight to the plaintiffs' choice of forum." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 63 n.6 (2013). However, the plaintiff's venue choice "is neither conclusive nor determinative. *In Re: Horsehoe Entertainment*, 337 F. 3d 429, 434 (5th Cir. 2003). Rather, the party seeking transfer must show "good cause": a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." *Humble Oil & Refining Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). Thus, when the transferee venue is "not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). But when the movant demonstrates that the transferee venue is clearly more convenient, "it has shown good cause and the district court should therefore grant the transfer." *Id.*

3

## III. DISCUSSION

### A. Personal Jurisdiction

Because Defendants are not Texas residents, (*see* Compl., Dkt. 1, at 3–4), Plaintiffs have the burden to establish a *prima facie* case for this Court's personal jurisdiction over them. *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). The parties' dispute over personal jurisdiction centers on the interpretation of the following clause included in the employment agreement between Arrive and Defendants:

> All parties agree that notwithstanding anything contained in [the arbitration clause], [Arrive] shall be entitled to bring an action before any court located in Austin, Texas or Chicago, Illinois for injunctive or other equitable relief, including without limitation a temporary restraining order, preliminary injunction, permanent injunction, an order of sequestration or seizure (or similar relief), without the necessity of posting a bond, in addition to any other remedy that they may have under law or in equity to prevent against any violation or threatened violation of [Section 3 and Section 5].

(Compl., Dkt. 1, at 4). Arrive interprets this clause as a mandatory forum-selection clause wherein Defendants waived any personal jurisdiction challenges to a lawsuit brought in Austin, Texas. (Resp., Dkt. 19, at 1; Compl., Dkt. 1, at 4) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n.14 (1985)) (stating that parties may "stipulate in advance to submit their controversies for resolution within a particular jurisdiction."). However, Defendants argue that the clause does not waive personal jurisdiction in the above clause, arguing that it is merely a venue-selection provision or a permissive forum-selection clause. (Mot. Dismiss, Dkt. 19, at 7–8).[1]

First, Defendants argue that the clause is a venue-selection provision as opposed to a forum-selection provision under Texas law, because the clause discusses a specific city, Austin. (Mot., Dkt. 19, at 8–9). However, Defendants do not provide any authority that a contract provision cannot

---

[1] Defendants also argue that the contract clause is merely a waiver of the requirement for Arrive to post bond when seeking injunctive relief, as opposed to any sort of forum-selection clause. (Mot. Dismiss, Dkt. 19, at 8). The Court finds this argument unavailing, as a plain reading of the clause indicates that it is discussing where a lawsuit may be filed.

specify both a forum and venue, which this contract appears to do by specifying a city and a state where a lawsuit may be filed. (*Compare id.* at 9 ("[T]his can only be construed as a venue provision."), with *Conceptual Mindworks, Inc. v. Nuesoft Techs., Inc.*, No. SA-13-CA-829, 2013 WL 12182056, at *2 n.4 (W.D. Tex. Oct. 23, 2013) (discussing forum-selection and venue-selection clauses and stating that "this provision attempts to do both: it requires that the case be brought in Bexar County if it is filed against the Plaintiff, and in Cobb County, Georgia if it is filed by the Plaintiff").

Second, Defendants argue that even if this is a forum-selection provision, it is permissive as opposed to mandatory and thus does not waive personal jurisdiction. (Mot. Dismiss, Dkt. 19, at 11–13). To be mandatory, a forum-selection clause "must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive." *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004). "Where the language in the forum selection clause is not clear, unequivocal, and mandatory, the clause is permissive and jurisdiction in other courts is not precluded." *Fin. Cas. & Sur., Inc. v. Mascola*, CIV.A. H-11- 0120, 2011 WL 3020934, at *3 (S.D. Tex. July 22, 2011). The Court agrees with Defendants that the phrase, "shall be entitled to bring an action before any court located in Austin, Texas or Chicago, Illinois" is permissive because it does not require that actions may *only* be brought in Texas or Illinois. (Mot. Dismiss, Dkt. 19, at 12; Reply. Dkt. 24, at 3); *Fin. Cas. & Sur., Inc. v. Mascola*, No. CIV.A. H-11-0120, 2011 WL 3020934, at *3 (S.D. Tex. July 22, 2011) ("In this case, the forum selection clause is permissive, allowing the case to be heard in either Texas or New Jersey."); *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 768 (5th Cir. 2016) ("[L]anguage merely indicating that the courts of a particular place 'shall have jurisdiction' (or similar) is insufficient to make [a forum-selection clause] mandatory."). This language is distinct from the mandatory clauses Arrive cites, which include language such as "[a]ny lawsuit . . . shall be filed in Hamburg, Germany," and litigation "shall be in Parker County, Texas." (Resp., Dkt. 23, at 13) (citing *Breakbulk Transp., Inc. v.*

5

*M/V Renata, her equipment, appurtenances, & freight, in rem*, No. CIV.A. H-07-2985, 2008 WL 1883790, at *2 (S.D. Tex. Apr. 25, 2008); *Durant v. Compass Bank*, 4:13-CV-577-A, 2013 WL 4828537, at *3 (N.D. Tex. Sept. 10, 2013)). Accordingly, the employment contract includes a permissive forum-selection clause.

Whether the clause waives personal jurisdiction is a separate question. Defendants argue that personal jurisdiction is only waived when there is either a mandatory forum-selection clause, or a permissive forum-selection clause that expressly discusses personal jurisdiction. (Reply, Dkt. 24, at 4) (citing *Galarza v. One Call Claims, LLC*, No. 1:20-CV-00808-RP, 2021 WL 1615564, at *4 (W.D. Tex. Apr. 26, 2021) ("Adjuster agrees and consents to personal, exclusive, original jurisdiction and venue in the Federal or State courts located in Mobile County, Alabama, and expressly waives all objections as to jurisdiction and venue.").

However, the Fifth Circuit has broadly explained that "[a] permissive forum selection clause is a contractual waiver of personal jurisdiction and venue objections if litigation is commenced in the specified forum." *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 768 (5th Cir. 2016). Similarly, "waiver [of personal jurisdiction] can be express or implied." *Dell Mktg., L.P. v. Incompass IT, Inc.*, 771 F. Supp. 2d 648, 656 (W.D. Tex. 2011). Although many contracts explicitly discuss waiver of personal jurisdiction, the Court is unpersuaded by Defendants' arguments that this is a requirement, especially in light of the Fifth Circuit's explanation that permissive forum selection clauses constitute waivers of personal jurisdiction. *See Weber*, 811 F.3d at 768. Accordingly, the Court finds that Defendants waived personal jurisdiction by signing their employment contracts that included a permissive forum-selection clause in Austin. Defendants have not argued that the forum-selection clause should not be enforced, and therefore the Court exercises its jurisdiction over Defendants in this case. *See Fin. Cas. & Sur., Inc. v. Mascola*, No. CIV.A. H-11-0120, 2011 WL 3020934, at *2 (S.D.

6

Tex. July 22, 2011) ("The party resisting the forum selection clause must show the clause is 'unreasonable' before a court may decline to enforce the clause.").

**B. Transfer**

Alternatively, Defendants request that the Court transfer this case to the Northern District of Illinois under Section 1404. (Mot. Dismiss, Dkt. 19, at 16). Where, as here, a court finds that a forum-selection clause is permissive, "it engages in the traditional forum non conveniens analysis." *Rivas v. Greyhound Lines, Inc.*, EP-14-CV-166-DB, 2018 WL 1896413, at *10 (W.D. Tex. Mar. 1, 2018) (citing *Link Am., LLC v. Infovista Corp.*, No. 3:16–CV–542–M, 2016 WL 3406114, at *1 (N.D. Tex. June 21, 2016) (engaging in the traditional Section 1404(a) transfer analysis after finding a forum-selection clause to be permissive).

The threshold question "in applying the provisions of § 1404(a) . . . is whether the suit could have been brought in the proposed transferee district." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). Because the forum-selection clause also lists Chicago as an acceptable jurisdiction, the Northern District of Illinois would have jurisdiction over this case for the same this Court does, as already discussed. As such, the Court turns to consideration of "all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (quoting 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3847, at 370 (1986)). The relevant factors include matters of both private and public interest. *Volkswagen AG,* 371 F.3d at 203; *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004).

All of the private factors weigh in favor of transfer. Defendants each reside in Illinois, and Defendants attest that Arrive's executive director (who will be a "significant witness") resides in Illinois, and all other witnesses from Arrive's office are in Illinois. (Mot. Dismiss, Dkt. 19, at 17–18).

Although Arrive argues that video testimony may be used for remote depositions and court proceedings, (Resp., Dkt. 23, at 18–19), Defendants reasonably argue that they would prefer to conveniently exercise their right to present testimony to the Court or at a jury trial in person. (Reply, Dkt. 24, at 10). Similarly, Defendants state that nearly all the relevant evidence is in Chicago, where Arrive's office is. (Reply, Dkt. 24, at 10). Although some weight is given to Arrive's choice of forum in Austin, the convenience of litigating in Illinois is reflected by the inclusion of Chicago, Illinois as a forum in Arrive's employment contract. (*see* Mot. Dismiss, Dkt. 19, at 18); *In Re: Horseshoe Entertainment*, 337 F. 3d 429, 434 (5th Cir. 2003).[2]

As to public interest factors, Arrive argues that a Texas court has an interest in a lawsuit about a Texas company and the alleged misappropriation of its trade secrets. (Resp., Dkt. 23, at 17). However, this factor weighs only slightly in Arrive's favor, as a substantial portion of its business is operated out of Chicago. (Mot. Dismiss, Dkt. 19, at 2) ("Arrive . . . has only two primary locations, one of which is Chicago.").

Arrive also argues that a Texas Court will be more familiar with Texas law. (Resp., Dkt. 23, at 19). However, the court considers this to be a neutral factor as the Northern District of Illinois, "like all federal courts, is experienced in applying the law of other jurisdictions and can certainly do so in a simple breach of contract case." *AMS Staff Leasing v. Starving Students, Inc.*, No. 3–03–CV–0283–BD, 2003 WL 21436476, at *3 (N.D. Tex. June 18, 2003).

---

[2] Additionally, Arrive cites several cases discussing why mandatory forum-selection clauses are not unreasonable or unenforceable, but the Court finds this caselaw inapplicable to whether a location is convenient under a permissive forum-selection clause. (*See* Resp., Dkt. 19, at 17; Reply, Dkt. 24, at 9, n.3); *see, e.g.*, *Rimkus Consulting Grp., Inc. v. Rault Res., Inc.*, No. CIV.A. H-07-1494, 2008 WL 901483, at *6 (S.D. Tex. Mar. 31, 2008) ("The defendants alternatively argue that the forum-selection clauses specifying Harris County, Texas as the forum for any legal disputes arising out of the agreements are unenforceable as unreasonable."). Instead, permissive clauses "[are] only one factor in the balancing test." *LSF4 Loan Invs. I, LLC v. Weingart*, No. 3:06-CV-0419-M, 2006 WL 2370803, at *6 (N.D. Tex. Aug. 15, 2006) ("The [c]ourt finds that the other factors favoring transfer to Ohio outweigh the existence of the permissive forum-selection and choice-of-law clauses favoring Florida.").

After carefully weighing the relevant case-specific factors, the Court finds good cause to grant Defendants' motion to transfer this case to the Northern District of Illinois. *See Volkswagen*, 545 F. 3d at 315 (moving party must satisfy statutory requirements and "clearly demonstrate" transfer is for "convenience of parties and witnesses in the interest of justice").

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Defendants' motion, (Dkt. 19), is **GRANTED IN PART**. This action is **TRANSFERRED** to the United States District Court for the Northern District of Illinois.

**SIGNED** on July 8, 2021.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE